IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERVARA GARDNER, | ) | Case No: 08 C 2836 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Hon. Judge Kendall |
| THE CITY OF CHICAGO, CHICAGO | ) | |
| POLICE OFFICER PETER AMELIO, #11341 | ) | Magistrate Judge Cole |
| CHICAGO POLICE OFFICER KEITH | ) | |
| SINKS #18723, AND OTHER AS-YET | ) | |
| UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**CITY DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**

NOW COME the Defendants City of Chicago and Chicago police officer Peter Amelio, by one of their attorneys, and reply to Plaintiff's Response In Opposition to Defendants' Motion to Stay, and state that this court should grant the stay for the following reasons and for the reasons stated within the City Defendants' Motion to Stay.

**INTRODUCTION**

Both the law and the facts support the granting of a stay of this lawsuit until the criminal matter is completed. Nor is this an overly broad remedy, as stated by Plaintiff, or an unusual request to make in such a situation. The United States Supreme Court has clearly held that federal courts should abstain from enjoining ongoing state proceedings in most circumstances. *See, Younger v. Harris*, 401 U.S. 37 (1971). The Seventh Circuit has expressly applied the *Younger* abstention doctrine to instances where a plaintiff in the federal case has filed an action for damages that could undermine or preclude the state's consideration of certain issues. *See, Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998). Plaintiff points to no extraordinary

circumstance that would support his request that this court deny the City Defendants' Motion for a Stay in this matter. Thus, the court should grant City Defendants' Motion to Stay Proceedings until resolution of the criminal matter.

## **ARGUMENT**

Plaintiff wrote a lengthy response to the City Defendants' Motion to Stay. Although it is possible this response could be used to convolute the issues, the issues are simple in this case. Plaintiff himself acknowledges that the case of *Younger v. Harris,* is applicable in this case. Plaintiff should not be allowed to infringe on important state rights and circumvent normal discovery processes used in state criminal courts. Nor will Plaintiff be prejudiced in any way by entry of a stay in this matter.

The bottom line is that the state of Illinois should be allowed to prosecute Jervara Gardner without the unfair advantage given to Plaintiff which is created by allowing a federal civil lawsuit to go forward before the state court proceeding is completed. The undersigned attorney spoke to Assistant Cook County State's Attorney, Debbie Lawler, one of the prosecutors handling the criminal case against Jervara Gardner on August 22, 2008. Ms. Lawler represented that discovery has already begun to proceed on this matter. Upon information and belief, Ms. Lawler represented that she expects discovery to be completed between two to three months on the earlier end, and six months if any DNA testing occurs. Then, Ms. Lawler expects this case to be in a trial posture. This is not years as was suggested by Plaintiff in his response.

Furthermore, there is no way to protect the important state interest of allowing the state to prosecute criminal defendants because, upon information and belief, Michael A. Johnson, an attorney on this civil case is also Jervara Gardner's criminal defense attorney. See Exhibit B of

Docket # 29. Thus, there is no protective order this court could enter that would prevent abuse or circumvention of the general rule that depositions shall not proceed in most state criminal cases. No matter what, Mr. Johnson, as Gardner's criminal and civil attorney, would have access to all discovery in the federal lawsuit, and would be unable to separate the knowledge gained in the federal civil case from the knowledge gained in the state court system. Thus, Plaintiff would receive an unfair advantage over the State of Illinois, even if a protective order were entered in this case.

Although this was not the focus of the City Defendants' Motion to Stay, the issue of whether Plaintiff invokes his 5th Amendment right to be free from self-incrimination should still be addressed. Plaintiff's counsel represents that Jervara Gardner does not "intend" to take the 5th Amendment. "Intent" means nothing until such time that Mr. Gardner appears for a deposition and decides to waive his right to be free from self-incrimination, or invokes his 5th Amendment right in response to written discovery. Moreover, Jervara Gardner is the only holder of this right, not his attorney. It is entirely conceivable that Plaintiff would ultimately decide to invoke his 5th Amendment right to be free from self-incrimination months from now. And until he does, Plaintiff would have access to answers to written discovery from the City of Chicago and from the named officers. Additionally, Gardner would be privy to the contents of depositions of any of the responding detectives, officers, and most importantly, Officer Amelio. In Illinois, the only time depositions are allowed to proceed in a criminal case is when the death penalty is being sought. Thus, Jervara Gardner would receive the same rights that a criminal defendant has who is facing the death penalty. Since depositions are not available in Gardner's criminal case, it would be tactically unfair to the prosecution if Plaintiff could obtain discovery not otherwise

available to him. Plaintiff should not be allowed to circumvent the limitations imposed on discovery in criminal proceedings. *See*, *Matter of Film Recovery Systems, Inc.*, 804 F.2d 386, 389 (7th Cir. 1986)

Finally, Plaintiff will not be prejudiced by a stay in this matter. Upon information and belief, Mr. Johnson has already received partial discovery in the criminal case. If Plaintiff wishes to conduct discovery, Plaintiff is already in a position to locate witnesses and interview them. It is also possible that many of the witnesses to whom Plaintiff alludes will have been interviewed by the Independent Police Review Authority, thereby providing Plaintiff with something to refresh any memories beyond from their own investigation. In regards to police personnel, it is possible some will have given statements in this case, which can be used to refresh recollections, if they do not recall the events. Accordingly, if there is any failure to remember by any witness, these statements and/or transcripts may be used to refresh each witnesses memories.

Additionally, Plaintiff filed this lawsuit within days of the event. Thus, in the instant case, only a matter of months have gone by from the date of the incident, which is different from many cases where the case is not filed until a year or two after the incident. Thus, even if it takes a year for the criminal case to be tried, it would still only be one year after the initial event, allowing memories to remain fresh.

WHEREFORE, for the reasons stated above and for the reasons stated within their Motion to Stay, the City Defendants respectfully request that the court issue an order staying proceedings against all defendants, including answering or otherwise pleading, in this case until the conclusion of the matters in the criminal case of *People v. Jervara Gardner*, 08 CR 008998, and for any additional relief this court deems appropriate.


                Respectfully submitted,

                <u>s/ Mary Anne Spillane</u>
                Mary Anne Spillane
                Attorney for City Defendants

Mary Anne Spillane
City of Chicago Department of Law
30 N. La Salle Street, Suite 1720
Chicago, Illinois 60602
(312) 744-8371
(312) 744-8373 (Fax)
[maryanne.spillane@cityofchicago.org](mailto:maryanne.spillane@cityofchicago.org)
Atty. No. 06238150

**CERTIFICATE OF SERVICE**

      I, Mary Anne Spillane, certify that I have caused a true and correct copy of the above **City Defendants' Reply Brief to Plaintiff's Response in Opposition to Defendants' Motion to Stay Proceedings** to be sent via e-filing to the persons named in the Notice of Motion, each a "Filing User" pursuant to Case Management/Electronic Case Files, on August 22, 2008, in accordance with the rules governing the electronic filing of documents.

/s/ Mary Anne Spillane
Mary Anne Spillane